
SLIP OPINION

Cite as 2013 Ark. 353

# SUPREME COURT OF ARKANSAS
No. CV-11-1063

|  |  |  |
|---|---|---|
| RANDY OWEN | | **Opinion Delivered** September 26, 2013 |
| | APPELLANT | PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT, 35CV-11-465, HON. JODI RAINES DENNIS, JUDGE |
| V. | | |
| RAY HOBBS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION; LEROY BROWNLEE, CHAIRMAN OF ARKANSAS PAROLE BOARD; STEPHEN WILLIAMS, WARDEN TUCKER UNIT, ET AL. | | |
| | APPELLEES | APPEAL DISMISSED. |

## PER CURIAM

While an inmate in the Tucker Unit of the Arkansas Department of Correction, appellant Randy Owen filed pro se petitions for declaratory judgment and writ of mandamus in the Jefferson County Circuit Court based on his claim that the Arkansas Parole Board did not follow its policies and procedures in granting and then rescinding his parole. The circuit court dismissed appellant's petitions, and he brings this appeal.

Since appellant filed his brief on appeal, he has provided a change of address indicating that he has been released from the custody of the Arkansas Department of Correction. Thus, we take judicial notice that appellant is no longer incarcerated. As a general rule, appellate courts of this state will not review moot issues, as doing so would be to render an advisory opinion, which this court will not do. *Bank of Am., N.A. v. Brown*, 2011 Ark. 446. Generally, an issue becomes moot when any judgment rendered would have no practical effect upon a then existing



legal controversy. *Lott v. Langley*, 2013 Ark. 247; *State v. First Serv. Bank of Greenbrier*, 2013 Ark. 101. Because appellant is no longer incarcerated, granting the relief requested would have no practical effect.

Appeal dismissed.

*Randy Owen*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Dennis R. Hansen*, Ass't Att'y Gen., for appellee.